UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cr-40037-JES-JEH |
| JAYDER RAY DOWNING, | ) |
| Defendant. | ) |

# ORDER AND OPINION

This matter is now before the Court on Defendant Downing's Motions (Docs. 41, 45) for Compassionate Release, the United States' Response (Doc. 46), and Defendant's Reply (Doc. 51). For the reasons set forth below, the Motions are DENIED.

## BACKGROUND

Defendant Downing is currently serving a 58-month sentence in the Bureau of Prisons for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). At the time he committed the offense, he was on probation in Missouri for resisting or interfering with arrest. He is 43 years old and is currently housed at FCI Gilmer in Glenville, West Virginia. His projected release date is August 18, 2022.

On May 1, 2020, Defendant filed a pro se Motion for Compassionate Release. Doc. 41. Following the appointment of the Federal Defender's Office, an Amended Motion for Compassionate Release was filed. Doc. 45. Defendant seeks compassionate release due to his health issues—diabetes, COPD, anemia, asthma, type 2 diabetes, and high blood pressure—and the COVID-19 pandemic. Defendant previously submitted a compassionate release request to the Warden at FCI Gilmer, which was denied on May 5, 2020. Doc. 46, at 3.

1

The United States opposes Defendant's Motions. Doc. 46. In its Response, the United States argues, *inter alia*, that Defendant is housed at FCI Gilmer in a two-man cell on a unit that limits the number of inmates who are allowed out of cells at one time to approximately 30. *Id.* at 5. According to the BOP's website, which is updated daily, FCI Gilmer currently has 5 inmates with active COVID-19 cases, and one inmate has recovered. There have been no staff sicknesses and no COVID-19 related deaths at the facility. *See* https://www.bop.gov/coronavirus/ (last visited May 29, 2020). Further, the United States asserts there are no active COVID-19 cases in Defendant's housing unit. Doc. 46, at 5.

## DISCUSSION

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and 3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

Previously, § 3582(c)(1)(A) allowed only the BOP to bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 through Dec. 20, 2018). The Sentencing Commission has not updated its policy statement to reflect that a defendant can make his own motion for a sentencing reduction. Some courts have held that this means there is currently no policy statement with which sentencing reductions under § 3582(c)(1)(A) must be consistent. *See, e.g.*, *United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020). This Court has previously adopted this approach. *See United States v. Seggebruch*, No. 15-cr-20034, ECF Doc. 113 (C.D. Ill. May 15, 2020); *United States v. Brooks*, No. 07-20047, ECF Doc. 67 (C.D. Ill. May 15, 2020). Thus, a court may find that extraordinary

and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C), and without the BOP's motion or express finding. *See, e.g.*, *Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493 at *6.

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See, e.g., United States v. Melgarejo*, No. 12-cr-20050, ECF Doc. 41 at p. 5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

Defendant has failed to establish extraordinary and compelling reasons justifying a sentence reduction in this case. While his medical conditions are indeed serious, he is relatively young, and FCI Gilmer appears, unlike other BOP facilities, to have very few COVID-19 cases. Further, the number of cases at FCI Gilmer has not increased since counsel filed his Amended Motion over two weeks ago. Because COVID-19 continues to spread among the general public, it is not clear Defendant would be safer from contracting COVID-19 if he were released.

Additionally, the Court does not believe Defendant's early release would be consistent with the § 3553(a) factors. This conclusion is based, in part, on the short length of time Defendant has served towards his sentence, the nature of the offense, and his criminal history. *See genrally* Doc. 31 (PSR). And while the Court commends Defendant on his efforts at rehabilitation while incarcerated, given the information currently before it, the Court agrees with the United States that his release would pose a danger to the safety of others in the community. Doc. 46, at 25.

The Court, taking all relevant facts into account, finds Defendant has not established extraordinary or compelling reasons for his early release, and that release would be inconsistent with the § 3553(a) factors.

## CONCLUSION

For the reasons set forth above, Defendant's Motions (Docs. 41, 45) are DENIED.

Signed on this 29th day of May, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge
